IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:25CR_ll2 -DcK |
| v. | ) | |
| | ) | |
| JOSE ALBERTO VELAZQUEZ-TREJO | ) | |
| | ) | |

**AFFIDAVIT**

I, Nyasia Rosario, a Special Agent of the United States Department of Homeland

Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security

Investigations (HSI), being duly sworn, state as follows:

**INTRODUCTION**

1.  I am federal law enforcement officer within the meaning of Section 2510(7) of Title

18, United States Code. In that capacity, I am empowered to conduct investigations pursuant

Section 2516(a) of Title 18 United States Code and to make arrests for offenses enumerated in

Titles 8, 18, 19, 21, 31 United States Code and other related offenses. I am a Special Agent (SA)

with the United States Department of Homeland Security (DHS), Immigration and Customs

Enforcement (ICE), Homeland Security Investigation (HSI), and I have been so employed since

June 2010. I attended the ICE Academy, a 24-week criminal investigations academy conducted

at the Federal Law Enforcement Training Center (FLETC) located in Brunswick, Georgia.  At

the ICE Academy, I was trained in all aspects of conducting criminal investigations, and I

received several hundred hours of comprehensive, formalized instruction for investigations into

such matters as the smuggling of narcotics and other contraband; firearms trafficking; human

1

trafficking; narcotics distribution; criminal street gangs; money laundering; trade fraud; and asset identification, seizure, and forfeiture.

2. I am currently assigned to the HSI Violent Gang Task Force with primary investigative responsibilities to investigate, disrupt, and dismantle transnational gangs, transnational criminal organizations, and violent crime. During my tenure as a Special Agent, I have been tasked with investigating narcotics trafficking and distribution, firearms violations, violent crimes and other gang and drug-related offenses. I have participated in many aspects of criminal investigations including being the affiant on numerous search warrants as well as a Title III affidavit, the issuance of administrative subpoenas, reviewing evidence, conducting physical and electronic surveillance, working with informants, and the execution of search and arrest warrants. Additionally, I have interviewed and/or debriefed informants, and other witnesses who had personal knowledge regarding the investigations in which I have been involved.

3. This Affidavit is presented to set forth facts sufficient to support a probable cause finding for the issuance of a criminal complaint against **Jose Alberto Velazquez-Trejo (Velazquez-Trejo)** for violating 8 U.S.C. § 1326(a)(1)(illegal reentry by a previously removed alien), 8 U.S.C. § 1306(b)(failure to notify immigration authorities of an address change), and 18 U.S.C. § 922(g)(5)(unlawful possession of a firearm by an alien).

4. This Affidavit contains information necessary to support probable cause for the Criminal Complaint. The information contained in this Affidavit is based on my personal participation in the investigation of the case and from information provided to me by other Special Agents and Task Force Officers, as well as other federal, state, and local law enforcement officers. Since this Affidavit is being submitted for the limited purpose of

2

supporting a probable cause finding for the issuance of a Criminal Complaint, I have not included every fact known to me concerning this investigation.

Your Affiant respectfully asserts the following:

1. That, on April 22, 2025, **Velazquez-Trejo** was administratively arrested by ICE in violation of Section 241(a)(5) of the Immigration and Nationality Act (INA) (relating to reinstatement of removal orders against aliens illegally reentering the United States). **Velazquez-Trejo** was encountered during a *Terry* stop in Mecklenburg County. ICE personnel positively identified **Velazquez-Trejo** (previously issued FBI Number 737005WC6 and Alien File (A-file) Number A088773472), and immigration records revealed that he had been previously removed from the United States and there was no record of a legal re-entry.

2. That your Affiant conducted criminal justice inquiries and database searches, reviewed A-file A088773472 relating to **Velazquez-Trejo**, and discovered that:

   a. his name is Jose Alberto Velazquez-Trejo, per a Mexican passport in his possession, A-file, a Mexican Consular identification card and his own statements;

   b. he is a citizen of Mexico by virtue of birth in Mexico, on November 20, 1983, per a Mexican passport and his own statements;

   c. he was assigned FBI number 737005WC6, and A-file Number A088773472 under the name Jose Alberto Velazquez-Trejo;

   d. On May 18, 2008, he was encountered in Sasabe, Arizona, by a United States Border Patrol Agent, determined to be unlawfully present in the United States, and transported to the Tucson Sector Detention Center for processing. **Velazquez-Trejo** was processed for Expedited Removal;

3

e. On May 19, 2008, he was found to be inadmissible as charged, ordered removed from the United States by an immigration officer, and removed; and

f. On April 22, 2025, ICE encountered and administratively arrested **Velazquez-Trejo**. He was administratively arrested by ICE when ICE encountered him. He was served with Form I-871(Notice of Intent to Reinstate Prior Order of Removal) and Form I-205 (Warrant of Removal/Deportation).

3. That, on April 22, 2025, after a thorough review of the A-file, your Affiant conducted record checks of immigration indices and was unable to locate any record that **Velazquez-Trejo** was granted permission by United States Attorney General or the Secretary of the Department of Homeland Security to apply for admission to the United States after his removal.

4. That your Affiant conducted record checks of the A-file and immigration indices and was unable to locate any record that **Velazquez-Trejo** provided the required written notice of an address to the Attorney General of the United States or the Secretary of the Department of Homeland Security following his unlawful entry into the United States, in violation of 8 U.S.C. §§ 1305(a), 1306(b). Records and other information revealed that the defendant had a few addresses for which he did not provide the requisite information to immigration authorities. A Mexican Consular identification card (issued September 25, 2010, and expired September 25, 2015) for **Velazquez-Trejo** listed 8602 Mandolin Court, Charlotte, North Carolina 28227 as his address, but he did not register this address with immigration authorities. On November 7, 2018, Articles of Incorporation were filed with the North Carolina Secretary of State for Bright Flooring Installation Company, and **Velazquez-Trejo** was listed as a co-incorporator with an address of 2809 [sic] Capitol

4

Drive, Charlotte, North Carolina, 28208. He did not register this address with immigration authorities. On April 22, 2025, law enforcement agents and officers saw **Velazquez-Trejo** leave his last known residence, 2819 Capitol Drive, Charlotte, North Carolina, 28208, and he had not registered this address with immigration authorities.

5.  A review of the defendant's criminal history revealed that he had a prior encounter with local law enforcement officers. On August 29, 2023, CMPD officers were investigating **Velazquez-Trejo**'s son, who then shared a residence (2819 Capitol Drive, Charlotte, North Carolina) with the defendant. During this investigation, they obtained a warrant and searched the house, including a bedroom identified as one belonging to **Velazquez-Trejo**. During the search of this bedroom, CMPD officers saw multiple rifles on the floor in rifle cases, three handguns lying on the bed in handgun cases, numerous firearm magazines, and large amounts of live ammunition in different calibers. Specifically, the officers found in Velazquez's bedroom, among other things, the following items:

- a Sig Sauer P226;
- a Ruger 9mm P89;
- Rock Island Armory 1911;
- Zastava Zpap 92 7.62 x 39;
- Spikes Tactical .50 caliber AR15;
- DC Design Rifle .223/5.56 Model: DCD-15;
- Delton Inc Rifle .223/5.56 DTl-15;
- 7 rifle magazines loaded with live rounds;
- a 30 rounds magazine with an unknown amount of ammunition; and
- a black bullet proof vest.

During this search, CMPD officers also found a Mexico consular card belonging to **Velazquez-Trejo** on top of the dresser in the bedroom. In the top middle drawer of this dresser, officers located two metal AR magazines and a loaded black Glock magazine.

5

On April 25, 2025, I contacted a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) regarding the interstate nexus of the black Sig Sauer P226 handgun (serial number UU695242) located in a black Sig Sauer pistol case. He informed me that this firearm was not manufactured in North Carolina. Because this firearm was not made in this state, its presence here indicates it traveled through interstate and/or foreign commerce.

## CONCLUSION

Based on the above facts, I respectfully request the issuance of a Criminal Complaint against **Jose Alberto Velazquez-Trejo** for violating 8 U.S.C. § 1326(a)(1)(illegal reentry by a previously removed alien), 8 U.S.C. § 1306(b)(failure to notify immigration authorities of an address change), and 18 U.S.C. § 922(g)(5)(unlawful possession of a firearm by an alien).

*This Affidavit was reviewed by AUSA Kenneth Smith.*

Respectfully submitted,

Nyasia Rosario, Special Agent
Immigration Customs Enforcement
Homeland Security Investigations

Sworn to and subscribed before me this 28th day of April 2025.

Honorable David C. Keesler
United States Magistrate Judge

6